IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FARRIAL MERCER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:25-cv-00744-RAH-KFP |
| | ) |
| KRISTOPHER BREWER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

On October 22, 2025, the Court provided notice of its concern that subject matter jurisdiction is lacking, and therefore the Court required the Defendants to show cause on or by November 1, 2025, as to why this matter should not be remanded. Despite its order, the Defendants filed no response to the Court's show cause order. Instead, Defendants filed an amended counter-complaint. Nevertheless, after further consideration, the Court finds that it lacks subject-matter jurisdiction and that the case is due to be remanded.

"[A]ny civil action brought in a State court of which the District Courts of the United States have original jurisdiction, may be removed." 28 U.S.C. § 1441(a). Invoked here by the Defendants as the basis for removing the case to federal court is 28 U.S.C. § 1331. Section 1331 provides that the Court shall have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" commonly referred to as "arising under" jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 829–32 (2002); 28 U.S.C § 1331. Arising under jurisdiction is determined by analyzing the "face of the plaintiff's well-pleaded complaint." *Cmty. State Bank v. Strong*, 651 F.3d 1241,

1251 (11th Cir. 2011). That said, a defendant's counterclaim that asserts a federal claim cannot serve as the basis for creating "arising under" or "federal question" jurisdiction. *See University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999); *see also Holmes Group, Inc.,* 535 U.S. at 826–27 (holding that "[t]he well-pleaded complaint rule does not allow a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction . . . [and] to rule otherwise would contravene the face-of-the-complaint principle set forth in this Court's prior cases . . . ").

Plaintiff's Complaint raises a simple state-law eviction claim. It does not assert any federal law claims, and there is no indication or showing by the Defendants that the Fair Housing Act (FHA) completely preempts the Plaintiff's state law eviction claim.

Federal courts routinely remand cases that rest solely upon state law grounds when a defendant tenant raises FHA violations in his answer or counterclaim. *See, e.g. Oasis at Moss Park, LLC v. Gamble*, No, 6:17-cv-1224-Orl-18KRS, 2017 WL 3267808, at *2 (M.D. Fla. July 11, 2017) (finding subject matter jurisdiction was absent when plaintiff filed an eviction action arising squarely under state law and defendant removed on grounds that the eviction violated the FHA); *Seven Springs Apartments v. Foxx*, No. 1:16–cv–0094–WSD, 2016 WL 632537, at *1–2 (N.D. Ga. Feb. 16, 2016) (remanding dispossessory action initiated by landlord against tenant because it did not present a federal question, despite the fact that defendant tenant claimed that plaintiff landlord violated, among other rules, the FHA); *Cara FL Props., LLC v. Richards*, No. 8:12–cv–12–T–33AEP, 2012 WL 45424, at *2 (M.D. Fla. Jan. 9, 2012) (remanding action for eviction of holdover tenant because there was no federal question, despite the fact that defendant tenant claimed in his notice of removal that plaintiff landlord evicted him for reasons that violated the FHA).

This case is no different, in that the Defendants cannot create subject matter jurisdiction by filing a counter-complaint that raises FHA violation claims.

For the foregoing reasons, it is **ORDERED** as follows:

(1) This case is **REMANDED** to the District Court of Coffee County, Alabama;

(2) Plaintiff's *Motion for Enlargement of Time to File Responsive Pleading to Defendants/Counterclaim Plaintiff's Counterclaims* (doc. 10) and *Counterclaim Defendant's Motion to Dismiss Plaintiff's Counterclaims* (doc. 12) are **DENIED** as moot; and

(3) The Clerk of Court is **DIRECTED** to close the case.

**DONE** on this the 10th day of November 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE